# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CARAWAY LEBLANC LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **Case No. 1:22-cv-01305-ADA** |
| **INMEDEX LLC and LOLLY J. LEGER,** | § | |
| *Defendants* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D. ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff Caraway LeBlanc, LLC's Motion for Final Default Judgment & Brief in Support (Dkt. 13), filed December 5, 2024; Brief in Support of Subject Matter Jurisdiction and Complete Diversity of the Parties (Dkt. 16), filed May 12, 2025; and Supplemental Memorandum in Support (Dkt. 20), filed July 18, 2025.[1]

## I.    Background

Plaintiff law firm Caraway LeBlanc, LLC ("CL") sued Defendants Inmedex LLC ("Inmedex") and Lolly J. Leger for breach of contract, fraud or negligence, violations of the Texas open account law, and quantum meruit. CL alleges that Defendants contracted with it to provide legal services for participants in a physician trust formed to provide medical malpractice indemnity and defense to those participants. Dkt. 1 ¶¶ 8, 9. CL alleges that it provided legal services to those participants, but Defendants did not pay the legal fees and expenses it owed CL. *Id.* ¶¶ 29, 36.

---

[1] By Text Order entered February 19, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

CL filed suit on December 12, 2022. Dkt. 1. It served Defendants with the summons and Complaint via certified mail, return receipt requested, as permitted under Rule 4 and Texas Rule of Civil Procedure 106, on December 14, 2022. Dkt. 6. Defendants have not appeared, and the Clerk entered default against them on September 11, 2024. Dkt. 11. CL now seeks entry of a default judgment, damages, fees, interest, and costs.

## II.    Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu,* 515 F.2d at 1206. Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.     Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A.  Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). CL asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. Dkt. 1 ¶ 1.

A limited liability company shares citizenship with each of its members. *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). The citizenship of a natural person is determined by the person's domicile. *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). Citizenship is determined at the time the Complaint was filed. *Id.* at 408.

CL alleges that it is a Louisiana limited liability company with two members: natural persons Kathryn M. Caraway and Ann Marie LeBlanc, both domiciled in Louisiana. Dkt. 16 at 1. It alleges that Leger was domiciled in Texas when the complaint was filed and Inmedex was a Texas limited liability company with Leger as its sole member. *Id.* at 2. Because CL alleges that it is a citizen of Louisiana, Defendants are citizens of Texas, and it seeks $153,474.24 in damages, the Court has diversity jurisdiction. *Id.* at 5.

### B.  Liability

The Court next considers whether a default judgment is procedurally warranted against Defendants and the Complaint sufficiently sets forth facts showing that CL is entitled to relief.

### 1. Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good-faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206. Second, Defendants' "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [CL's] interest." *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 824 (W.D. Tex. 2020). Third, the grounds for default are clearly established. The Clerk has entered default against Defendants, who were served and have "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have not appeared. Fifth, although CL seeks damages, the Court recommends granting only the relief to which it is entitled under Texas law, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2.   There Is a Sufficient Basis for Judgment in the Pleadings**

CL asserts claims for suit on an open account, breach of contract, fraud and/or negligence, and quantum meruit under Texas law. CL identified only the breach of contract and open account claims in its motion and does not seek default judgment on its claims for fraud and/or negligence and quantum meruit.

Under Texas law, the essential elements of breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Burbridge v. CitiMortgage, Inc.*, 37 F.4th 1049, 1051 (5th Cir. 2022). A breach occurs when a party fails to perform a duty required by the contract. *Smith Int'l Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

The elements of an action on an account under Texas law are: "(1) there was a sale and delivery of merchandise; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement . . . ; and (3) that the amount is unpaid." *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 838 (S.D. Tex. 2013). A suit on an account need not be restricted to physical items and can involve performance of services. *Facility Ins. Corp. v. Emps. Ins. of Wausau*, 357 F.3d 508, 513 (5th Cir. 2004).

CL alleges:

(1) Leger was the sole owner of Inmedex. Dkt. 1 ¶ 3;

(2) CL contracted with Defendants to provide legal services to participants in Practice Protection Fund ("PPF"), a physician trust formed to provide medical malpractice indemnity and defense to its members. *Id.* ¶ 3. In exchange, Defendants agreed to pay CL 15% of all Inmedex premium coverage fees paid by PPF participants and to reimburse CL for legal expenses and fees. *Id.* ¶¶ 3, 9;

(3) CL performed its obligations by providing legal services. *Id.* ¶ 35;

(4) Defendants have not paid the amounts they owe CL. *Id.* ¶ 36;

(5) CL has suffered damages, which Defendants have refused to pay. *Id.* ¶ 41;

(6) CL terminated the parties' contract on April 29, 2019. *Id* ¶ 28.

By failing to answer, Defendants have admitted these facts as pleaded by CL. They show that CL had a valid contract that was breached by Defendants for failure to pay CL after it performed legal services, causing damages. *Nishimatsu*, 515, F.2d at 1206. The Court finds that CL is entitled to default judgment on its claims for breach of contract and suit on an open account.

## C. Relief

CL seeks damages, attorneys' fees, interest, and costs. Dkt. 13 at 9. On June 25, 2025, the Court held a hearing to determine the relief requested by CL. Plaintiff appeared at the hearing through partner Kathryn Caraway; Defendants did not appear. Finding the evidence presented insufficient to establish damages, the Court then allowed CL more than two weeks plus a one-week extension to file a supplemental brief in support of its motion for default judgment (Dkt. 20).

### 1. Damages

Default judgment does not establish the amount of damages, and it is CL's burden to show it is entitled to the damages it seeks. *G&G Closed Circuit Events, LLC v. 2120 Pachanga, LLC*, No. 1:21-CV-00809-RP, 2022 WL 17752122, at *3 (W.D. Tex. Dec. 19, 2022), *R. & R. adopted*, 2023 WL 3035421 (W.D. Tex. Jan. 3, 2023).

Under Texas law, an award of damages for a breach of contract claim should provide just compensation for any loss or damage sustained as a result of the breach. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 217 (5th Cir. 2023). CL cannot collect a duplicative damage award under both its breach of contract claim and suit on an open account claim because Texas law does not permit double recovery. *DK Trading & Supply, LLC v. JA Dakis Cap., LLC*, No. 3:24-CV-0558, 2025 WL 863467, at *6 (N.D. Tex. Mar. 19, 2025).

6

CL seeks (1) $20,453.60 in the known portion of premiums paid by plan participants; (2) $38,104.30 in time it billed hourly in participants' cases; (3) $33,659.63 in litigation costs advanced in those cases; (4) $3,712.50 in legal fees it incurred to consult outside ethics counsel regarding its obligations to those participants; (5) $75,000 in premium percentage payments that were unpaid from January 2019 through May 2019; and (6) a "[s]ervice charge on any delinquent balance at the rate of 10%." Dkt. 20 at 2.

CL submits:

- a copy of the contract between it and Defendants;
- a chart summarizing monthly participant premiums, litigation costs incurred by month, and Defendants' payments;
- copies of Defendants' payments;
- its bank statements;
- its billing records from participants' cases;
- invoices from Defendants showing the monthly premiums paid by participants;
- copies of the invoices and payments CL made to an outside law firm for legal advice regarding its ethical obligations to participants; and
- an affidavit from office manager Letitia Mack-Jones attesting to the sums it is owed.

Dkts. 13-1, 20-1 through 20-5.

The Court finds that these records establish Defendants failed to pay $20,453.60 in outstanding premium payments in December 2018; $60,000 in outstanding premium payments from January through April 2019; and $20,093.55 in litigation costs CL expended in January, February, and April 2019. They also show that CL incurred damages of $3,712.50 in outside legal fees. Based on this evidence, the Court finds CL has shown it is entitled to $104,259.65 in damages.

The Court finds that CL has not shown its entitlement to recover damages it allegedly sustained after terminating its contract with Defendants on April 29, 2019, including the costs of continuing to represent plan participants in their cases and the premium percentage payments from May 2019.

The parties' contract states: "After termination of this Agreement, should INMEDEX and Participant desire for CL to continue the representation of Participant in pending claims, such service shall be converted to time and expense billing, paid for and directly billed to the client/participant by CL." Dkt. 13-1 at 3. The Court finds that CL has not carried its burden to show it is entitled to recover damages for its continued representation of participants after the termination of the parties' agreement, which would conflict with the agreement's terms.

Unlike its litigation costs, CL does not provide a list itemized by month showing the time it billed hourly in representing participants before it terminated its contract with Defendants. Because the Court cannot calculate the legal fees owed by Defendants from January through April 2019, CL has not met its burden to show it is entitled to those fees.

Nor do the records show that CL is entitled to a service charge. Mack-Jones avers that the parties' agreement entitles CL to the charge "on any delinquent balance at the rate of 10%." Dkt. 20-1 at 5. CL does not state the amount of the charge or identify the sum of the delinquent balance to which it refers. CL thus has not met its burden to show that this service charge is "capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998).

## 2. Attorneys' Fees and Costs

A plaintiff that prevails in a breach of contract claim and recovers damages is entitled to attorneys' fees. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000). CL has shown that it is entitled to damages from Defendants' breach of contract, so it is entitled to attorneys' fees.

Texas law controls both the award of fees and their reasonableness. *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018). Under Texas law, the factfinder

considers the eight factors set out in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997),[2] when determining the reasonableness of a fee award. *Bear Branch*, 885 F.3d at 803. The lodestar method "presumptively produces a reasonable fee." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012). The party seeking fees has the burden to show the reasonableness of the hours billed. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020).

CL seeks attorneys' fees and costs totaling $9,793.03. Dkt. 20 at 2. The request comprises $8,438 in fees, $440.60 in costs, and $914.43 in travel expenses. Dkt. 20-1 ¶ 15. CL submits billing records for 57.80 hours of work by Caraway and four other timekeepers. Dkt. 20-6 at 1-4. Caraway, whose time was billed at $200 per hour, has thirty-three years of experience. Dkt. 20-7 ¶¶ 5, 6. During the hearing, she represented that the other timekeepers are associates whose time is billed at $180 per hour and paralegals billed at $80 per hour.

The Court finds that the hourly rates are reasonable and within the range of rates awarded to attorneys in this Division. *See, e.g., MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1:15-CV-00060-SH, 2021 WL 4267719, at *2-3 (W.D. Tex. Sept. 20, 2021) (finding $530 hourly rate reasonable for associate in breach of contract case); *Dominguez v. Mun. Credit Serv. Corp.*, No. 23-CV-1232-DAE, 2024 WL 1451219, at *3 n.2 (W.D. Tex. Feb. 13, 2024) (recommending rate of $125 for paralegals), *R. & R. adopted*, 2024 WL 1451137 (W.D. Tex. Apr. 2, 2024). The Court also

---

[2] These are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the expertise, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

finds that the time expended is reasonable. After calculating the lodestar and considering the *Arthur Andersen* factors, the Court finds that the requested award of $8,438 is reasonable.

CL also seeks $914.43 in travel expenses, which are not recoverable under Texas law. *Jones v. Portfolio Recovery Assocs.*, No. 1:16-CV-00572-RP, 2020 WL 6480917, at *6 (W.D. Tex. Oct. 26, 2020). CL did not file a proposed bill of costs, as required under 28 U.S.C. § 1920 and Local Rule CV-54(a). The Court recommends its requests for travel expenses and costs be denied.

### 3.  Interest

Finally, CL asks the Court to award post-judgment interest. Dkt. 13 at 9. In diversity cases, federal law governs post-judgment interest. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172-73 (5th Cir. 2010). "Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Id.* at 173 (5th Cir. 2010). Post-judgment interest should be awarded at the applicable rate calculated from the date of the entry of judgment. 28 U.S.C. § 1961(a).

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Plaintiff Caraway LeBlanc, LLC's Motion for Final Default Judgment (Dkt. 13), **ENTER DEFAULT JUDGMENT** against Defendants Inmedex LLC and Lolly J. Leger under Rule 55(b), and award CL:

(1) $104,259.65 in damages;

(2) post-judgment interest, as set forth above; and

(3) $8,438 in attorneys' fees.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **DENY** CL's request for costs.

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 4, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE